IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICTORIA KAROL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 17-0781 |
| BOARD OF EDUCATION OF CALVERT COUNTY, | * | |
| Defendant. | * | |

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this employment discrimination case are two motions: a motion to dismiss filed by Defendant Board of Education of Calvert County ("the Board") (ECF No. 3), and a motion for leave to amend the Complaint filed by Plaintiff Victoria Karol ("Karol") (ECF No. 8). The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. The Court GRANTS the Board's motion, ECF No. 3, and DENIES Karol's motion, ECF No. 8.

**I.    BACKGROUND**

Karol brings this action against her employer, the Board, alleging gender discrimination under a theory of disparate treatment in violation of Title VII of the Civil Rights Act (Title VII) (Count I), age discrimination under a theory of disparate treatment in violation of the Age Discrimination Employment Act (ADEA) (Count II), retaliation in violation of Title VII (Count III), and discrimination under a theory of hostile work environment in violation of Title VII (Count IV).

1

According to the Complaint, Karol, who was born in 1956, was hired by the Board in 1978. ECF No. 1 ("Compl.") at ¶¶ 9, 10. In May 2013, the Board selected Karol as the Acting Director of Human Resources, and in May 2014, she became Director of Human Resources. Karol remained in that position until she became Director of Strategic Partnership Community Engagement. Compl. ¶¶ at 10, 45.

The Complaint centers on the actions of Karol's supervisor, Anthony Navarro, and her second-level supervisor, Dr. Daniel Curry. *See* Compl. at ¶ 13. Karol alleges that Navarro harassed and intimidated her by: (1) seeking the input of a retired Maryland State Policeman and detective about Human Resources' new-hire fingerprinting procedure instead of adopting Karol's recommended course of action; (2) denying Karol's request to attend a conference on the Affordable Care Act (ACA), even though attendance would enhance her job performance; (3) relying on an outside consultant instead of Karol regarding ACA compliance issues; (4) denying Karol's staffing requests; and (5) requiring Karol to attend bi-weekly staff meetings without making subordinate male employees do the same. *Id.* at ¶¶ 16, 18, 20, 21, 22, 23. Karol also asserts that Navarro "fabricated" complaints about the quality of her work and one time yelled at her, "Do you see this, do you see this? What about this don't you understand?" while pounding his fists on the table. *Id*. at ¶ 17. As to Dr. Curry, Karol asserts that she was told by Curry that if she complained of Navarro's treatment, she would be reassigned to a different position without Karol having input as to the new position. *Id*. at ¶ 26. Karol also claims that Curry refused to consider her re-application to be Director of Human Resources after her transfer. *Id.* at ¶¶ 27, 45.

The Board moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the complained-of treatment, even if true, fails to make out adverse employment action under

Title VII or the ADEA discrimination or retaliation claims. Nor was the treatment, as pleaded, motivated by gender. ECF No. 3-1 at 7, 11, 16. Karol has opposed the motion and, in the alternative, moved to amend her Complaint. ECF Nos. 7, 8. The Court addresses each motion in turn.

## II.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) properly is granted when the complaint does not include sufficient factual allegations to render the plaintiff's claims facially plausible or permit reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In so assessing, the Court takes as true all well-pleaded factual allegations and makes all reasonable inferences in the favor of the plaintiff. *Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 1999). The Court does not credit conclusory statements or a plaintiff's legal conclusions, even when the plaintiff purports them to be allegations of fact. *See Iqbal*, 556 U.S. 678–79; *Giarrantano v. Jonson*, 520 F.3d 298, 302 (4th Cir. 2008). From the facts averred, the Court must be able to infer "more than the mere possibility of misconduct"; the complaint must contain factual pleadings that show the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521,526 (quoting *Iqbal*, 556 U.S. at 678).[1]

---

[1] Karol's argument that the Complaint need not include additional facts prior to discovery ensuing is without merit. *See Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 311 (D. Md. 2015); *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003) ("While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief. The words 'hostile work environment' are not talismanic, for they are but a legal conclusion; it is the alleged facts supporting those words, construed liberally, which are the proper focus at the motion to dismiss stage.").

### III. DISCUSSION

#### A. Disparate Treatment (Counts I, II)

To sustain disparate treatment claims under Title VII and the ADEA, a plaintiff must show that she was a member of a protected class (or is over the age of 40), that her employer took an adverse employment action against her, that her job performance was satisfactory, and that similarly situated employees outside the protected class (or under 40) received more favorable treatment. *See Cepada v. Bd. Of Educ. of Baltimore Cty.*, 814 F. Supp. 2d 500, 510, 512 (D. Md. 2011). Adverse employment actions are those which affect the terms, conditions, or benefits of employment. *See Munday v. Waste Mgmt. of N. Am., Inc.*, 126 F.3d 239, 243 (4th Cir. 1997). Notably, not all undesirable employment actions are considered *adverse* under the law. In the context of job transfer, "absent any decrease in compensation, job title, level of responsibility, or opportunity for promotion, reassignment to a new position commensurate with one's salary level does not constitute an adverse employment action even if the new job does cause some modest stress not present in the old position." *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007) (*quoting Boone v. Goldin*, 178 F.3d 253, 256-57 (4th Cir.1999); *Johnson v. Aluminum Co. of Am.*, 397 F. Supp. 2d 688, 697 (M.D.N.C. 2005), *aff'd*, 205 F. App'x 152 (4th Cir. 2006) (imposition of additional duties is not an adverse employment action).

The Board is correct that Karol's claims must fail because she has not alleged a sufficiently adverse employment action.[2] Perhaps the closest factual averment is her reassignment from the position of Director of Human Resources to another director-level position. But in no way does Karol assert this reassignment was adverse. She has not, for

---

[2] The Court notes that Karol also has not adequately pleaded more favorable treatment for similarly situated employees outside of her protected class; however Karol's failure to aver plausibly any adverse employment action warrants dismissal on that ground alone.

4

example, alleged facts supporting a decrease in pay, diminished opportunities for promotion, adverse working conditions, or decreased responsibility as a result of the transfer.

Similarly, the actions preceding her transfer, such as not sending Karol to a job-related conference, compelling her attendance at staff meetings, or soliciting advice of others, cannot plausibly be construed as affecting the terms, conditions or benefits of her employment. Karol, therefore, has failed to sufficiently plead that the Board took adverse employment actions against her, and so Counts I and II must be dismissed.

### B. Retaliation (Count III)

To state a claim for retaliation, a plaintiff must plead (1) engagement in a protected activity; (2) an adverse employment action; and (3) a causal link between the protected activity and the employment action. *See Booth v. Cty. Exec.*, 186 F. Supp. 3d 479, 487 (D. Md. 2016). The retaliatory action must be "materially adverse." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). This requires the Plaintiff to allege plausibly that the employer's acts would dissuade a reasonable employee from making or supporting a charge of discrimination. *Id.*

Here, Karol alleges that she was retaliated against for complaining to Dr. Curry about Navarro. Compl. ¶¶ at 42–49. The Board does not contest that Karol engaged in protected activity. Rather, the Board argues that Karol's reassignment to the position of Director of Strategic Partnership Community Engagement, as pleaded, does not qualify as an adverse employment action. The Court agrees with the Board.

For the reasons articulated above, Karol's transfer alone does not constitute an adverse employment action, nor does the Board's refusal to consider her for the very position that gave rise to her complaints, Director of Human Resources, standing alone, constitute adverse

5

employment action. Indeed, if Karol were concerned about mistreatment while in that position, her transfer would seemingly obviate those concerns. And because Karol has alleged no facts to suggest that her transfer affected adversely her salary, opportunities for promotion, status within the organization, or was in any way more onerous or degrading in working conditions than her previous position, the transfer by itself cannot be considered adverse as a matter of law. Count III, therefore, is dismissed.

### C. Hostile Work Environment (Count IV)[3]

A Title VII hostile work environment claim requires that the plaintiff plead facts to support that the complained-of conduct "(1) was unwelcome, (2) was based on her sex, (3) was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment, and (4) was imputable to her employer." *High v. R & R Transportation, Inc.*, 242 F. Supp. 3d 433, 442–43 (M.D.N.C. 2017) (quoting *Ocheltree v. Scollon Prods., Inc.*, 335 F.3d 325, 331 (4th Cir. 2003) (en banc)). "Although a plaintiff may subjectively believe that the offending conduct created a hostile work environment, conduct that is not severe or pervasive enough to create an *objectively* hostile or abusive work environment— an environment that a reasonable person would find hostile or abusive—is beyond Title VII's purview." *Id.* (internal marks and citation omitted). "To determine whether harassment is sufficiently severe or pervasive to create an objectively hostile and abusive work environment, courts must consider the totality of the circumstances including: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with the employee's work

---

[3] Karol's complaint brings only one count premised on a hostile work environment theory—Count III—which requests relief under Title VII. However, the problems with Karol's claim would stand equally with respect to a disparate treatment claim under the ADEA. *See Cepada*, 814 F. Supp. 2d at 511, 513 (reciting elements of hostile work environment claim under Title VII and under ADEA).

performance." *Id.* (internal quotation marks omitted). The harassing "conduct must be [so] extreme [as] to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id.* (internal quotations and citations omitted); *see also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270–71 (2001).

Additionally, the conduct of which the plaintiff complains must be based on her gender. *See Ziskie v. Mineta*, 547 F.3d 220, 226 (4th Cir. 2008). Although a plaintiff may prove sex-based discrimination even in the absence of sexual advances or propositions, her gender must still be a but-for cause of the harassment or discrimination. It is not enough that a plaintiff allege open hostility on the part of the employer; rather, the hostility must be *due to* her gender. *See id*; *see also Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80–81 (1998); *Ocheltree*, 335 F.3d at 331–32.

Here, Karol has failed to allege facts sufficient to allow the Court to infer plausibly that any of the conduct of which she complains was due to her gender. The Complaint makes few references her gender and does not include facts that independently support any inference of animosity based on gender. *See Young v. Giant Food Stores, LLC*, 108 F. Supp. 3d 301, 311 (D. Md. 2015) ("simply alleging that she was treated worse than her male colleagues is not sufficient to demonstrate that the worse treatment was because of her sex"); *cf. Booth*, 186 F. Supp. 3d at 486–87; *Ruffin*, 126 F. Supp. 3d 529–30 (no hostile work environment claim when plaintiff alleged that was targeted, harassed, and stalked, her car was keyed, her work sabotaged, erroneous complaints and disparaging marks made against her, and she had not been given a raise, when there were insufficient facts alleged to support that her work environment was made

hostile because of her membership in a protected class); *id.* at 530 (mere speculation as to illicit animus does not suffice to prove that unwelcome conduct was due to status in protected class).

This pleading deficiency alone supports dismissal of Karol's hostile work environment claim. However, Karol additionally has failed to demonstrate that the complained-of conduct was sufficiently severe or pervasive to create a hostile work environment. Karol's Complaint identifies one time in which Navarro apparently raised his voice and pounded his fist on the table. The remaining allegations concerning Navarro's conduct do not make out a work environment "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of employment." *Booth*, 186 F. Supp. 3d at 487 (quoting *Boyer–Liberto v. Fontainebleu Corp.*, 786 F.3d 264, 277 (4th Cir. 2015)). At best, Karol has alleged little more than "rude treatment . . ., callous behavior . . ., or a routine difference of opinion and personality conflict." *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008); *see also Young*, 108 F. Supp. 3d at 312 (plaintiff's allegations that supervisor "showed disdain and disrespect, yelled at her, refused to provide her with resources, and ignored her telephone calls and messages" did not "satisfy the high bar to demonstrate severe or pervasive conduct" (internal marks omitted)); *Ruffin*, 126 F. Supp. 3d at 529 (collecting cases and noting that "[w]hen—as here—isolated incidents of harassment are alleged, they may alter the conditions of employment only if they are extremely serious." (internal quotation marks omitted)). Karol's hostile work environment claim, therefore, must be dismissed.

## IV.     MOTION TO AMEND

Federal Rule of Civil Procedure 15(a)(2) provides that a district court should freely give leave to a party to amend its pleadings "when justice so requires." Whether to grant leave to amend is within the discretion of the court, and when amending would be futile, leave to amend

properly may be denied. *See United States ex rel. Carson v. Manor Care, Inc.*, 851 F.3d 293, 305 n.6 (4th Cir. 2017) (citing *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)).

Karol seeks leave to amend her Complaint by clarifying that "[k]nowledge of ACA issues was an important aspect of Plaintiff's job [when she was not permitted to attend the ACA conference]," and that "[a]s a result of the denial of [requests for additional staffing], Plaintiff's workload was consequently increased an unreasonable amount," ECF No. 8-1 at ¶¶ 16, 20. Plaintiff further requests adding to the Complaint that her transfer from the Director of Human Resources position "resulted in a significant change in Plaintiff's job duties and has caused undue hardship," ECF No. 8-1 at ¶ 26; that generally, "[b]ut for Plaitniff's [sic] gender, she would not have been treated in such a hostile and discriminatory manner," ECF No. 8-1 at ¶ 33; and "[t]hat the effect of the practices complained of above was to likely dissuade other reasonable workers of the Defendant from making or supporting a charge of discrimination," ECF No. 8-1 at ¶ 48.

In essence, Karol's proposed amendments repackage legal conclusions as factual averments. This recasting of barebones claims cannot defeat dismissal. *See Ruffin*, 126 F. Supp. 3d at 529 ("Ruffin's conclusionary [sic] allegations about the severity and cause of Buadoo's conduct will not prevent dismissal."). For example, nowhere does Karol aver *how* her gender lead to hostile or adverse treatment, or what specifically made her increased workload "unreasonable." Because the proposed amendment would not change the outcome of the Court's opinion as to the sufficiency of the claims, amending is futile. Thus, Karol's motion must be denied.

## V. CONCLUSION

Karol failed to plead sufficient facts supporting her claims to relief, and her proposed amended complaint does not cure these deficiencies. Accordingly, it is the 22nd day of December, 2017, ORDERED:

1. That the motion to dismiss filed by Defendant BOARD OF EDUCATION OF CALVERT COUNTY (ECF No. 3) BE, and the same hereby IS, GRANTED;
2. The motion for leave to file First Amended Complaint filed by Plaintiff VICTORIA KAROL (ECF No. 8) BE, and the same hereby IS, DENIED;
3. The Complaint filed by Plaintiff VICTORIA KAROL (ECF No. 1) BE, and the same hereby IS, DISMISSED;
4. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties; and to CLOSE this case.

12/22/2017  /S/
Date  Paula Xinis
United States District Judge